UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHARON WILLIAMS,

    Plaintiff,

v.                                                              Case No: 2:14-cv-295-FtM-38DNF

GATORAMA, INC.,

    Defendant,
_____/

**ORDER[1]**

This matter comes before the Court upon review of the Complaint (Doc. #1) filed on May 30, 2014. Plaintiff Sharon Williams initiated a negligence action against Gatorama, Inc. based on diversity jurisdiction. (Doc. #1).

Diversity Jurisdiction exists where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorneys' fees; and (2) there is complete diversity of citizenship. See 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action directly filed in federal court, a plaintiff bears the burden of adequately pleading, and ultimately proving jurisdiction. See King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). Here, the Court lacks subject matter jurisdiction over the case because the Plaintiff has failed to plead (1) that the amount in controversy exceeds $75,000 and (2) diversity of citizenship.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

When jurisdiction is based on diversity, "the court is obligated to assure itself that the case involves the requisite amount in controversy." Morrison, 228 F.3d at 1261. The amount in controversy includes the amount of damages alleged in the dispute. 28 U.S.C. § 1332(a). Where a complaint fails to allege an amount in controversy exceeding $75,000, the Court lacks subject matter jurisdiction over the case. Morrison, 228 F.3d at 1261.

Here, Plaintiff has not met her burden of adequately proving amount in controversy. The Complaint does not identify the amount in controversy and does not state if it exceed $75,000, exclusive of interests and costs.

Next, the Plaintiff states that she is a resident of Ohio. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted). Domicile is the place of an individual's true, fixed, and permanent home and to which he has the intention of returning whenever he is absent therefrom. See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citations omitted). Domicile is not synonymous with residence. McCormick, 293 F.3d at 1257 (stating that an individual is a citizen where he is domiciled, not necessarily where he is a resident). Here, the complaint must allege the plaintiff's citizenship, rather than her residence, to invoke diversity jurisdiction. 28 U.S.C. § 1332(c)(2).

The Plaintiff has not met her burden of adequately pleading citizenship. The Complaint merely states that she is a resident of Waverly, Pike County, Ohio. Plaintiff cannot, as she tries here, rely on her residence alone to properly allege diversity of citizenship.

The Court, therefore, finds that it lacks diversity jurisdiction over the case. Nonetheless, the Court will allow the Plaintiff a period of time to establish its jurisdiction. Failure to comply with this Order may result in the case being dismissed with prejudice without further notice for failure to allege the Court's subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice**. Plaintiff shall have up to and including **June 17, 2014** to file an amended complaint that properly alleges this Court's diversity jurisdiction. Failure to do so may result in this case being dismissed with prejudice without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of June 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record